IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOHNNY FRANK GORDON					PETITIONER

V.							CIVIL ACTION NO.: 3:18CV36-MPM-DAS

MISSISSIPPI DEPARTMENT OF CORRECTIONS, ET AL.		RESPONDENTS

### ORDER OF DISMISSAL

Petitioner Johnny Frank Gordon, an inmate housed at the Mississippi State Penitentiary, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of his release on parole. This matter is before the Court, *sua sponte*, for consideration of dismissal.

### I. Background

Johnny Frank Gordon entered the custody of the Mississippi Department of Corrections ("MDOC") in 1992 after being convicted in Washington County, Mississippi, of murder, grand larceny, and armed robbery. *See* Doc. #1 at 11. He was sentenced to imprisonment for life for murder, 5 years for grand larceny, and 3 years for armed robbery. *Id*. Gordon was released on parole in November of 2004. *Id*. On or about August 24, 2009, he was sentenced to a 15-year term incarceration for a robbery he committed in Harrison County, Mississippi, while out on parole. *Id*. at 8, 11.

Gordon claims that on or about October 19, 2017, he was granted parole to Pontotoc County for the Washington County offenses, but that a "hold" was placed on his parole because of his 15-year robbery conviction. *See id.* at 6-7. Gordon argues that he has already served the 50 percent of his robbery sentence mandated pursuant to Miss. Code Ann. § 97-3-2, however, and that he should be released on parole. *See* Miss. Code Ann. § 97-3-2(2) (mandating that "[n]o

person convicted of a crime of violence listed in this section is eligible for parole or for early release from the custody of the Department of Corrections until the person has served at least fifty percent (50%) of the sentence imposed by the court).  In this habeas action, Gordon claims that his 15-year sentence should have started upon his arrest for the new robbery charge, as it would be impossible to serve all of a life sentence before commencing a subsequent, consecutive offense.

## II. Analysis

Federal habeas relief for an inmate in custody pursuant to the judgment of a state court is available "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Therefore, an individual cannot maintain a federal habeas action unless he alleges the deprivation of some right secured to him by federal law.  *Id*.; *see also Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984).

In this case, Gordon does not challenge the constitutionality of his convictions and sentences.  Rather, he claims that he is entitled to be released on parole under Mississippi law.  However, there is no constitutionally recognized right to parole.  *See Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").  Moreover, both the Mississippi Supreme Court and the Fifth Circuit have held that Mississippi's parole statutes are permissive rather than mandatory, and therefore, they fail to create a liberty interest that will support a habeas action for failure to parole.  *See Davis v. State*, 429 So. 2d 262, 263 (Miss. 1983) (holding that the Mississippi parole law provides only "a mere hope that the benefit will be obtained"); *Scales v. Mississippi State Parole Board*, 831 F.2d 565, 566 (5th Cir. 1987) (citing *Irving*, 732 F.2d at 1217-1218 (holding "the Mississippi [parole]

statute does not create any constitutionally protected liberty interest in parole to which procedural due process considerations attach")); *see also* Miss. Code Ann. § 47-7-1, *et seq*. Because Mississippi statutes provide no "legitimate claim of entitlement" to parole, but rather, merely the hope of it, Gordon cannot sustain a federal habeas action based on the denial of parole. *See Greenholtz*, 442 U.S. at 7.

Additionally, even if Gordon could sustain a federal habeas action, it does not appear that he has fully and fairly presented these claims to the Mississippi Supreme Court. A prisoner seeking federal habeas relief must exhaust all available state-court remedies prior to seeking relief in federal court. *See* 28 U.S.C. § 2254(b)(1) and (c); *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). The exhaustion requirement is satisfied when the habeas claim has been presented to the highest state court in a procedurally proper manner. *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). If a petitioner presents claims in federal court that have not yet been exhausted, a federal court generally must dismiss the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment."). The information before the Court suggests that Gordon has failed to comply with the exhaustion requirement.

### III. Conclusion

Accordingly, for the reasons as set forth herein, it is **ORDERED** that this petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED**. A certificate of appealability is **DENIED**, as the Court concludes that jurists of reason would not debate whether the petitioner

3

has stated a valid constitutional claim. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A separate final judgment will enter today.

**SO ORDERED**, this 3rd day of April, 2018.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE